SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
----------------------------------------------------------------x
VANIA SIMPRI

                         Plaintiff/Petitioner,

        - against -                               Index No. 501627/2021
MATHIEW REMILLARD; 2857-2899 QUEBEC, INC and
MYT EXPRESS,

                        Defendant/Respondent.
----------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Consensual Case)
(Uniform Rule § 202.5-b)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

  If you choose to participate in e-filing, you **must** have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

  The benefits of participating in e-filing include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit:  http://www.nycourts.gov/efile-unrepresented  or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

### Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 11/23/2021

| | |
|---|---|
| Paul A. Carmona, III., Esq. | 155 Main Street, Suite 309 |
| Name | Address |
| Carmona Law Gropu, PLLC | |
| | Brewster, NY 10509 |
| Firm Name | |
| | (845) 278-0072 |
| | Phone |
| | paciii@msn.com |
| | E-Mail |

To: Mathiew Remillard

2857-2899 Quebec, Inc

MTY-Express

6/6/18

FILED: PUTNAM COUNTY CLERK 11/23/2021 06:44 PM
NYSCEF DOC. NO. 1

INDEX NO. 501627/2021
RECEIVED NYSCEF: 11/23/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
-----------------------------------------------------------------X
VANIA SIMPRI,

                        Plaintiff,

Index No.:
Date Filed:

- against -

**SUMMONS**

MATHIEU REMILLARD;
2857-2899 QUEBEC, INC and;
MTY EXPRESS,

Venue is based on Plaintiff's Residence

                        Defendants.
-----------------------------------------------------------------X

To the above named Defendants

       **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service, or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: Brewster, New York
         November 23, 2021

                                      CARMONA LAW GROUP, PLLC

                                      By:_____
                                      Paul A. Carmona, III, Esq.
                                      Attorneys for Plaintiff
                                      155 Main Street, Suite 309
                                      Brewster, New York 10509
                                      Tel: (845) 278-0072

**DEFENDANTS ADDRESSES:**

**MATHIEU REMILLARD**
1 Rue Boivin
Saint Francois De La Riviere
Quebec, Canada



**2857-2899 QUEBEC INC**
17 Avenue De La Reine
Montmagny
Quebec, Canada

**MTY EXPRESS**
25-1 Rue De L'Etang
Saint Francois De La Riviere
Quebec, Canada

The nature of this action is set forth in the Complaint.
The relief sought is set forth in the Complaint.
Upon your failure to appear, judgment will be taken against you by default for a monetary amount, which exceeds the jurisdictional limits of all lower Courts, and the costs of this action.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
-----------------------------------------------------------------X
VANIA SIMPRI,

                                                                       Index No.:
                                                                       Date Filed:

                                    Plaintiff,                **VERIFIED COMPLAINT**

      - against -

MATHIEU REMILLARD;
2857-2899 QUEBEC, INC. and;
MTY EXPRESS,

                                    Defendants.
-----------------------------------------------------------------X

       Plaintiff, VANIA SIMPRI, complaining of the defendants, by her attorneys, CARMONA LAW GROUP, PLLC, respectfully shows to the Court and alleges upon information and belief as follows:

       1.      That at all times hereinafter mentioned, Plaintiff, VANIA SIMPRI, was and still is a resident of the County of Putnam, State of New York.

       2.      That upon information and belief at all times hereinafter mentioned, Defendant, 2857-2899 QUEBEC INC., was and is a foreign corporation from Quebec, Canada authorized to do business in the State of New York.

       3.      That at all times hereinafter mentioned, Defendant, MATHIEU REMILLARD, was and is a resident of Quebec, Canada.

       4.      That at all times hereinafter mentioned, Defendant, MTY EXPRESS, was and is was and is a foreign corporation from Quebec, Canada authorized to do business in the State of

-1-

New York.

5. That upon information and belief, at all times hereinafter mentioned, Defendant, 2857-2899 QUEBEC INC., was the registered owner of a model 2014 Volvo commercial motor vehicle operating with Quebec license plate number L600465.

6. That upon information and belief, at all times hereinafter mentioned, Defendant, 2857-2899 QUEBEC INC., was the named policy holder of an insurance policy insuring a model 2014 Volvo commercial motor vehicle operating with Quebec license plate number L600465.

7. That upon information and belief, at all times hereinafter mentioned, Defendant, MTY EXPRESS, was the named policy holder of an insurance policy insuring a model 2014 Volvo commercial motor vehicle operating with Quebec license plate number L600465.

8. That upon information and belief, Defendant, MATHIEU REMILLARD, was an agent and or employee of 2857-2899 QUEBEC INC.

9. That upon information and belief, Defendant, MATHIEU REMILLARD, was an agent and or employee of MTY EXPRESS.

10. That at all times hereinafter mentioned, Defendant, MATHIEU REMILLARD, operated the aforesaid motor vehicle owned by and registered to Defendant, 2857-2899 QUEBEC INC.

11. That at all times hereinafter mentioned, Defendant, MATHIEU REMILLARD, operated the aforesaid motor vehicle with the express permission knowledge and consent of, Defendant 2857-2899 QUEBEC INC.

12. That at all times hereinafter mentioned, Defendant, MATHIEU REMILLARD, operated the aforesaid motor vehicle with the express permission knowledge and consent of,

Defendant MTY EXPRESS.

13. That upon information and belief Defendants, 2857-2899 QUEBEC INC., and MTY EXPRESS conduct business together in the State of New York.

14. That on April 9, 2018 at approximately 8:30 p.m. the aforesaid motor vehicle owned by, Defendant, 2857-2899 QUEBEC INC., and operated by, Defendant, MATHIEU REMILLARD, was traveling Southbound on Interstate 684, 100 feet North of MPM 23.1, in the Town of North Salem, State of New York.

15. That at the aforesaid time and place a model 2016 Honda motor vehicle bearing New York State license plate number, HHT5027, operated by the Plaintiff, VANIA SIMPRI, was lawfully stopped in traffic directly in front of the aforementioned motor vehicle operated by Defendant, MATHIEU REMILLARD, Southbound on Interstate 684, 100 feet North of MPM 23.1, in the Town of North Salem, State of New York.

16. That at the aforesaid time and place the motor vehicle operated by the Defendant, MATHIEU REMILLARD, violently rear-ended the motor vehicle operated by the Plaintiff, VANIA SIMPRI, which was lawfully stopped in traffic.

17. That the rear-end collision between the motor vehicle operated by the Defendant, MATHIEU REMILLARD, and the Plaintiff's motor vehicle caused the Plaintiff, VANIA SIMPRI, to sustain serious traumatic protracted and permanent personal injuries.

18. That Southbound on Interstate 684, 100 feet North of MPM 23.1, in the Town of North Salem, State of New York was and is a public thoroughfare in much traveled use by the members of the public.

19. That the aforesaid accident and resulting injuries sustained by the Plaintiff,

VANIA SIMPRI, were caused by reason of the carelessness, recklessness and negligence of the Defendants in the ownership, operation, management, control and supervision of their motor vehicle, in that they caused, permitted and allowed their motor vehicle to be operated over and along a public roadway without the required attention and care required under the circumstances and conditions then and there existing, causing a chain reaction rear-end collision beginning with the Plaintiff's motor vehicle, without any fault of the Plaintiff contributing thereto; in failing to use and apply adequate and proper brakes, steering and signaling mechanisms; in failing to observe the rules of the road; in failing to observe the roadway and traffic conditions at the time and place aforementioned; in failing to exercise forbearance; in failing to keep a reasonably adequate and proper lookout and/or to be reasonably alert at all times; in failing to stop, slow down, steer or veer so as to avoid rear-ending the Plaintiff's motor vehicle; in failing to keep a proper lookout upon the roadway; in striking plaintiff's motor vehicle in the rear; in failing to give due and proper warning of the movements of the said motor vehicle; in failing to signal or give signals; in negligently operating their motor vehicle as to cause the same to come in contact with the Plaintiff's motor vehicle; in so negligently recklessly and carelessly operating their motor vehicle on the aforesaid roadway so as to endanger the safety to others; and in violating the statutes, ordinances and regulations of which the Court will take Judicial notice in such cases made and provided, including but not limited to New York VTL § 1129.

20. The aforesaid accident and resulting injuries to the Plaintiff, VANIA SIMPRI, were caused solely and wholly by reason of the negligence, recklessness and/or carelessness of the Defendants as aforesaid without any negligence, recklessness and/or carelessness on the part of the Plaintiff.

21. Plaintiff, VANIA SIMPRI has complied with the requisite provisions of Article 51,

§5104 of the Insurance Law of the State of New York and has sustained multiple serious injuries as defined in Sub. Div. (d) of §5102 of the Insurance Law of the State of New York.

22. That the limitations of Article 16 are inapplicable to this action as one or more of the exceptions set forth in CPLR §1600 through §1603 apply.

23. That because of the above stated accident, Plaintiff, VANIA SIMPRI, was caused to sustain multiple traumatic permanent serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries, Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

24. As a result of the foregoing, the Plaintiff, VANIA SIMPRI, has sustained damages in a monetary amount, which exceeds the jurisdictional limits of all lower Courts, which might otherwise have jurisdiction over this matter.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in an amount exceeding the jurisdictional limits of all lower Courts, which might otherwise have jurisdiction over this matter together with the costs, and disbursements of this action.

Dated: Brewster, New York
       November 23, 2021

                                    Yours, etc.

                                    CARMONA LAW GROUP, PLLC

                                    By: _____
                                    Paul A. Carmona, III., Esq.
                                    Attorneys for Plaintiff
                                    155 Main Street, Suite 309
                                    Brewster, New York 10509
                                    Tel: (845) 278-0072

## VERIFICATION BY ATTORNEY'S AFFIRMATION

Paul A. Carmona, III., Esq., The undersigned, an attorney duly admitted to practice law in the State of New York, affirms that he is the attorney of record for the plaintiff in the within action; that he has read the foregoing, SUMMONS AND VERIFIED COMPLAINT, and knows the contents thereof; the same are true to your affirmant's knowledge, except as to those matters therein stated to be alleged upon information and belief; and as those matters affirmant believes them to be true.

That the undersigned further states that the reason this affirmation is made by the undersigned and not by the plaintiff is that the plaintiff is presently out of the county where your affirmant maintains his offices.

The grounds of your affirmant's belief as to all matters not stated to be upon affirmant's knowledge, are as follows: conferences, investigation and material contained in a file maintained in affirmant's offices.

Dated:    Brewster, New York
          November 23, 2021

                                                _____
                                                PAUL A. CARMONA, III., ESQ.